UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **United States of America,** | |
| Plaintiff, | Case No. 1:99-cr-000771 |
| - against - | |
| **Robert Rollins,** | Honorable Judge Gary S. Feinerman |
| Defendant. | |

**MOTION TO REDUCE SENTENCE**
**PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

Defendant, Robert Rollins, through counsel, respectfully moves this Court for an order reducing his sentence to time served based on the extraordinary and compelling reasons discussed below, pursuant to the newly-amended 18 U.S.C. § 3582(c)(1)(A)(i). We also request oral argument on this motion. In support of this motion, Rollins incorporates the accompanying memorandum of law and states as follows:

1. Robert Rollins was sentenced in 2001 to a 106-year term of imprisonment based on a series of robberies he committed when he was 25 years old. In addition to the substantive robbery counts, Rollins was also charged with five counts under 18 U.S.C. § 924(c). Of this century-long sentence, only six years were to be served for the robbery charges. The rest were the result of the ultra-harsh enhanced mandatory minimum sentencing that this Court was required to impose on all but the first § 924(c) count. Rollins's co-conspirator, Cordell Smith, received a 96-month sentence and was released in 2008. Further facts of the underlying case are set out more fully in the accompanying memorandum of law. (Mem. at 1-2.)

1

2. Rollins has already served over 20 years of his sentence. His projected release date is still 72 years away, four days before his 119th birthday.

3. Rollins moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for extraordinary and compelling reasons based on the following:

4. **First, this Court has jurisdiction to grant the requested relief because 30 days have lapsed since the warden received Rollins's request and no motion has been filed on his behalf.** On December 21, 2018, Congress enacted the First Step Act, amending, among other statutes, 18 U.S.C. § 3582(c), the compassionate release statute. (Mem. at 3-4.) The amended statute allows a defendant to petition the court directly for relief if the BOP fails to file a motion on his behalf. By amending the statute in this manner, Congress "reduced the BOP's control over compassionate release and vested greater discretion with the courts. Deferring to the BOP would seem to frustrate that purpose." *United States v. Ebbers*, No. 02-CR-1144-3, 2020 WL 91399, at *4, n.6 (S.D.N.Y. Jan. 8, 2020). On September 5, 2019, Rollins submitted a written request to the warden of the Federal Correction Institution at Pekin. On December 23, 2019, the warden informed Rollins in writing that his request was denied. Therefore, under the amended statute, the court can now reduce Rollins's sentence if, "after considering the factors set forth in [18 U.S.C. §] 3553(a) . . . it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i-ii). (Mem. at 3-4.)

5. **Second, Rollins has demonstrated that in this case, extraordinary and compelling reasons exist which warrant a reduction in his sentence.** In addition to Rollins's extraordinary rehabilitation and accomplishments while in prison, those reasons include, among other things, intervening changes in the law that would allow this Court to sentence Rollins to

less than a quarter of the sentence that was mandated in 1999. Under similar circumstances, other district courts have found that extraordinary and compelling reasons exist to reduce a sentence, based in large part, on the sentencing disparity created by the fact that onerous enhanced sentences for stacked § 924(c) counts, like the one that Rollins received, are no longer permissible. *See United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391, at *2 and *4 (D. Neb. Nov. 14, 2019) (finding extraordinary circumstances in "the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed"); *United States v. Brown*, 4:05-CR-00227-1, 2019 WL 4942051, at *5 (S.D. Iowa Oct. 8, 2019) (citing *United States v. Marks*, No. 6:03-cr-06033 (W.D.N.Y. Mar. 14, 2019) (holding that "a district court assessing a compassionate release motion may still consider the resulting sentencing disparity when assessing if there are 'extraordinary and compelling reasons' supporting release" but declining to exercise its discretion where the motion was premature.). (Mem. at 10-12.) Those holdings are consistent with Congressional intent in amending the statute, as evidenced by the title of the amendment, "Increasing the Use and Transparency of Compassionate Release," P.L. 115-391, § 603(b), 132 Stat. 5194, 5238-41 (Dec. 21, 2018). (Mem. at 4-6.) They are also consistent with the relevant policy statement issued by the Sentencing Commission, which expressly recognizes that there may exist extraordinary and compelling reasons beyond illness, age, or family circumstance, and that the court is uniquely positioned to make the determination about whether a reduced sentence is warranted. U.S.S.G. § 1B1.13, Application Notes 1 and 4. (Mem. at 6-10.)

6. **Third, the § 3553(a) factors weigh strongly in favor of a sentence reduction for Rollins.** Section 3553(a) requires that a term of incarceration be "sufficient, but not greater than necessary" to achieve the ends of sentencing, and, here, those sentencing factors weigh heavily in favor of a dramatically reduced sentence for Rollins. Rollins has now been in prison for almost

the same amount of time that he has not been in prison. The 106-year sentence that Rollins received goes well beyond what is required to adequately address his misconduct. Indeed, Congress recognized as much when it clarified § 924(c) in the First Step Act, making clear that § 924(c) was never intended to be applied in this way. (Mem. at 11.) In *Brown*, the court found noteworthy that the sentencing judge believed the mandatory sentence required by the § 924(c) count was "far greater than necessary to achieve the ends of justice." *Brown*, 2019 WL 4942051, at *5. In the 20 years he has already spent incarcerated, Rollins has turned his life around. He has accepted responsibility for his wrongdoings, acknowledged the seriousness of his offenses and dedicated himself to rehabilitation and personal growth. In sum, his imprisonment to date has more than achieved the ends of justice. As the sentencing judge in this case acknowledged, his hands were tied with respect to the sentence he was required to impose, but in the wake of the First Step Act, that is no longer the case. (Mem. at 14.) This Court is now empowered to impose a just sentence in light of the circumstances of this case and the factors set out in § 3553(a).

7. **Fourth, Rollins is not a danger to the safety of any other person or to the community.** No one was injured during the commission of his crimes. He has an exemplary disciplinary record—no violent offenses in over 20 years of prison—and has demonstrated true remorse for the harm he caused. (Mem. at 14.) While in prison, Rollins has wholeheartedly pursued vocational training opportunities, which he has used to contribute positively to his current community, and hopes to use in the same manner once released. In addition to his completion of educational programs, Rollins has marketable trade skills and a strong network of family and friends, who are not only ready and waiting to welcome him home, but are also actively engaged in sourcing work opportunities and arranging access to other resources to aid in his successful re-entry into society. (Mem. at 14-16.)

WHEREFORE, for the foregoing reasons, and for the reasons set forth in the accompanying memorandum of law, Rollins respectfully requests that this Court enter an order reducing his sentence to time served based on a finding of "extraordinary and compelling reasons."

Dated: February 7, 2020

Respectfully submitted,

ROBERT ROLLINS

By: /s/ Andrew W. Vail
    One of His Attorneys

John Gleeson
Marisa Taney
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
jgleeson@debevoise.com
mtaney@debevoise.com

Andrew W. Vail
Monica Pinciak-Madden
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 840-8688
AVail@jenner.com
MPinciak@jenner.com

5