UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 99 CR 771-1 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| ROBERT ROLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Some two decades ago, Robert Rollins was charged with four counts of bank robbery, 18 U.S.C. § 2113(a), and four counts of using or carrying a firearm in the commission of each robbery, 18 U.S.C. § 924(c)(1). Docs. 1, 38. A jury found Rollins guilty on all counts, Docs. 74-75, and the court sentenced him to 106½ years in prison—concurrent 6½-year sentences for the bank robberies, and consecutive 25-year sentences, the then-applicable statutory minimum, for the four § 924(c) charges, Doc. 103 (Hibbler, J.). The Seventh Circuit affirmed. 301 F.3d 511 (7th Cir. 2002). With the assistance of exceptionally able pro bono counsel from Debevoise & Plimpton and Jenner & Block, Rollins moves for a sentence reduction under what is known colloquially as the compassionate release provision, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Doc. 212. Most regretfully, the motion is denied.

The denial of Rollins's motion is regretful because the four consecutive 25-year terms for the § 924(c) counts are grossly excessive, especially because nobody was physically injured during the robberies. Congress recognized the excessiveness of § 924(c)'s 25-year statutory minimum when, as part of the First Step Act, it amended the provision to reduce (prospectively)

1

the minimum to seven years for defendants in Rollins's circumstances.  *See* First Step Act, Pub. L. No. 115-391, 132 Stat. 5222, § 403 (codified at 18 U.S.C. § 924(c)(1)(C)).  Unfortunately, § 3582(c)(1)(A)(i) does not grant the court the authority to reduce Rollins's sentence on this ground.

In so holding, this court relies on the analysis set forth in *United States v. Garcia*, 2020 WL 2039227 (C.D. Ill. Apr. 28, 2020).  Assuming familiarity with that opinion, the court adds the following observations.

1.  Although the Sentencing Guidelines are generally advisory, *see United States v. Booker*, 543 U.S. 220, 246 (2005), there is an exception where Congress requires courts to adhere to a specific Guideline or policy statement, *see Dillon v. United States*, 560 U.S. 817, 829-830 (2010).  Section 3582(c)(1)(A) illustrates that exception, requiring that courts adhere to U.S.S.G. § 1B1.13 when considering a compassionate release motion.  *See* 18 U.S.C. § 3582(c)(1)(A) (providing that a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission"); U.S.S.G. § 1B1.13 (Reduction in Term of Imprisonment under 18 U.S.C § 3582(c)(1)(A) (Policy Statement)); *see also United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) ("[R]egardless of whether Congress wanted policy statements to be binding in the sentencing context, it wished them to be binding in § 3582(c) proceedings.  If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive … .").

2.  The court may not follow a Guideline or policy statement insofar as it is inconsistent with a statute.  *See Dorsey v. United States*, 567 U.S. 260, 266 (2012).  In its body and Application Note 4, U.S.S.G. § 1B1.13 states—as a matter of procedure—that only the Director of the Bureau of Prisons may move for compassionate release.  Those portions of U.S.S.G.

§ 1B1.13 are inconsistent with § 3582(c)(1)(A)(i), which by virtue of the First Step Act now allows defendants as well as the Director to move for compassionate release.

    3. Contrary to Rollins's submission, U.S.S.G. § 1B1.13 is *not* inconsistent with § 3582(c)(1)(A)(i) insofar as it sets forth in Application Note 1(D) this ground for granting a sentence reduction: "*As determined by the Director of the Bureau of Prisons*, there exists *in the defendant's case* an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n.1(D) (emphasis added). Note 1(D) applies with full force if the *Director* invokes it in moving for a sentence reduction under § 3582(c)(1)(A)(i). The fact that Note 1(D) is unavailable if the *defendant* moves for a sentence reduction does not render it inconsistent with § 3582(c)(1)(A)(i); rather, Note 1(D) is simply inoperative in that circumstance. *Cf.* U.S.S.G. § 3E1.1(b) (only the government may move for an additional one-level reduction for acceptance of responsibility); U.S.S.G. § 5K1.1 (only the government may move for a substantial assistance departure). Indeed, allowing the court to supplant the Director's exclusive role in determining what, as a matter of substance, qualifies as an extraordinary and compelling reason under Note 1(D) would be inconsistent with 28 U.S.C. § 994(t), which provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, *shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples*." 28 U.S.C. § 994(t) (emphasis added).

    4. Although Application Note 1(D) is inoperative when a defendant files a § 3582(c)(1)(A)(i) motion, a defendant may invoke the other grounds set forth in Note 1—(A) Medical Condition of the Defendant, (B) Age of the Defendant, and (C) Family Circumstances—

as extraordinary and compelling reasons for a sentence reduction. By amending § 3582(c)(1)(A)(i) to eliminate the Director as the gatekeeper for motions seeking a reduction on those three grounds, Congress effectuated the First Step Act's goal of increasing the use of compassionate release, particularly given the Director's very limited deployment of § 3582(c)(1)(A)(i) in the decades before the Act's enactment. *See Hearing on Compassionate Release and the Conditions of Supervision Before the U.S. Sentencing Commission* (2016) (statement of Michael E. Horowitz, Inspector General, Department of Justice), https://oig.justice.gov/testimony/t160217.pdf; *The Answer is No: Too Little Compassionate Release in US Federal Prisons*, Human Rights Watch (Nov. 2012), https://www.hrw.org/report/2012/11/30/answer-no/too-little-compassionate-release-us-federal-prisons.

     5. It may be very unfortunate that the Director and his predecessors have never sought a § 3582(c)(1)(A)(i) sentence reduction on the ground set forth in Application Note 1(D). That factual circumstance, however, is immaterial to the legal question whether the court may reduce a sentence on that ground when a defendant, rather than the Director, files a § 3582(c)(1)(A)(i) motion.

     Because Rollins does not seek a sentence reduction on a ground set forth in Application Notes 1(A)-(C), his § 3582(c)(1)(A)(i) motion is denied. The denial is without prejudice to Rollins seeking relief through a vehicle other than § 3582(c)(1)(A)(i), or under § 3582(c)(1)(A)(i) on the grounds now set forth in Application Notes 1(A)-(C) or on any available ground in U.S.S.G. § 1B1.13 if and when the Sentencing Commission achieves a quorum and amends the policy statement. The denial also is without prejudice to the United States Attorney exercising his considerable discretion to move to vacate all but one of Rollins's

§ 924(c) convictions, or to the Pardon Attorney's favorable consideration of a commutation request. *See United States v. Brown*, 411 F. Supp. 3d 446, 454 (S.D. Iowa 2019); *United States v. Holloway*, 68 F. Supp. 3d 310, 316-17 (E.D.N.Y. 2014).

June 10, 2020                _____
                                              United States District Judge