**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :
                                    Plaintiff.                :
                                                              :  Case No. 99-CR-771-1 (GSF)
                                                              :
                        -against-                             :
                                                              :  On Remand
                                                              :
ROBERT ROLLINS,                                               :
                                                              :
                                    Defendant.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**REPLY BRIEF ON REMAND OF ROBERT ROLLINS IN SUPPORT OF MOTION
TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

Andrew W. Vail
Monica Pinciak-Madden
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 840-8688
AVail@jenner.com
MPinciak@jenner.com

John Gleeson
Marisa Taney
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
jgleeson@debevoise.com
mrtaney@debevoise.com

*Attorneys for Robert Rollins*

**INTRODUCTION**

The government's supplemental brief is predicated entirely on a strained reading of *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), that elevates out-of-context dicta to eviscerate the case's central holding. Specifically, though the government acknowledges that *Gunn* affirmed this Court's ability to grant relief for any extraordinary and compelling reason unconstrained by § 1B1.13, it then insists that Mr. Rollins's motion fails because the proffered reasons do not comport with the commentary to that policy statement. The government provides no citations for its assertion that the circumstances of Mr. Rollins's case are not extraordinary and compelling, and does not engage with or meaningfully rebut the large number of appellate and district court cases that have held the opposite.

As explained in his initial brief on remand, Mr. Rollins's more than a quarter century in prison (considering good time) is more than two and one-half times the average federal sentence for robbery (109 months), and is four years longer than the average sentence for *murder* (255 months). *See* ECF No. 252 at 4. Still, he has served less than a quarter of the 106-year sentence currently imposed, which this Court aptly described as "grossly excessive." Beyond reciting the offenses of conviction, the government provides no defense of that sentence, and its reliance on decades-old conduct to support Mr. Rollins's continued incarceration is belied by his actions since. Throughout his more than two decades in prison, Mr. Rollins has not had a single infraction involving a violent act, and the government has failed to point to any other facts of this case that would suggest a risk of recidivism.

For the reasons set forth in Mr. Rollins's initial brief, *see* ECF No. 214 at 10–12, reply brief, *see* ECF No. 231 at 10–11, initial brief on remand, *see* ECF No. 252 at 1–3, and below, the Court should resentence Mr. Rollins to time served.

### DISCUSSION

**A. Mr. Rollins's Case Presents Extraordinary and Compelling Circumstances.**

The government concedes, as it must, that after *Gunn* it is clear "district courts are free to consider motions for a sentence reduction on grounds other than the categories of extraordinary and compelling reasons listed in U.S.S.G. § 1B1.13." ECF No. 253 at 8. Notwithstanding this, the government then goes on to cite the language of § 1B1.13 extensively in explaining why the Court should deny relief. For example, it argues that "[n]othing in [§ 3582(c)(1)(A)] suggests that compassionate release is properly granted based on a reevaluation of the severity of the original sentence—particularly reevaluation based on a subsequent statutory amendment or decision interpreting a statute." *Id.* at 13. It cites no authority for this argument, which appears to be based on an implicit assertion that because the statute does not explicitly identify that ground for relief, it must be out of bounds. But the point of the statute is to permit sentence reductions *whenever* a court, in the exercise of its sound discretion, determines that extraordinary and compelling reasons warrant one. Indeed, that was the central holding of *Gunn*. *See* 980 F.3d at 1180 ("[T]he trailing paragraph of §3582(c)(1)(A) does not curtail [a district judge's] discretion.").

The government's contention that granting relief here would be "strik[ing] off on a different path," ECF No. 253 at 12–13, ignores how well-travelled that path has become. Many courts across the country "have concluded that the severity of a § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A)." *United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020) (collecting cases).[1] Though we have advanced

---

[1] *See also United States v. Williams*, No. 06-CR-50055, 2020 WL 6940788, at *3–4 (N.D. Ill. Nov. 25, 2020) (finding rehabilitation and the "eighteen-year difference in the sentence [defendants] received and the sentence Congress has now deemed warranted for the second § 924(c) conviction supports finding an extraordinary and compelling reason"); *United States v. Brown*,

multiple reasons, two in particular highlight why the "extraordinary and compelling reasons" standard is satisfied here. The first is the sheer and unusual length of Mr. Rollins's sentence. *Id.* at 288. As this Court has already observed, Mr. Rollins's 106-year sentence is "grossly excessive," especially when considering that "nobody was physically injured during the robberies." See ECF No. 237 at 1. The second is the gross disparity between that sentence and the sentence Congress now believes to be an appropriate penalty for Mr. Rollins's conduct. *See McCoy*, 981 F.3d at 285 ("The First Step Act's clarification of § 924(c) resulted in not just any sentencing change, but an exceptionally dramatic one."); *see also United States v. Rivas*, No. 91-CR-217-1, 2021 WL 254410, at *2–3 (E.D. Wis. Jan. 26, 2021) (finding substantially lower mandatory sentence under current law due to non-retroactive changes to sentencing laws, combined with now advisory nature of sentencing guidelines, constitutes extraordinary and compelling reason). Mr. Rollins's mandatory § 924(c) sentences today would total 20 years, and intervening Supreme Court case law would permit this Court to sentence him to as little as one day on the non-§ 924(c) charges.

The government argues yet again, oblivious to the growing mountain of contrary case law, that granting relief based in part on the First Step Act's changes would be inconsistent with Congress's decision "not to make § 403 of the First Step Act retroactively applicable to defendants sentenced prior to December 21, 2018." ECF No. 253 at 15; ECF No. 226 at 17–19. But "[t]he fact that Congress chose not to make § 403 of the First Step Act categorically retroactive does not mean that courts may not consider that legislative change in conducting their individualized reviews of motions for compassionate release." *McCoy*, 981 F.3d at 286. Multiple other courts

---

No. 01-CR-196, 2020 WL 4569289 (E.D. Wis. Aug. 7, 2020); *United States v. Nafkha*, No. 2:95-CR-00220-001-TC, 2021 WL 83268 (D. Utah Jan. 11, 2021); *United States v. Poulnott*, No. 1:89-cr-0001-AT-ALC-1, 2020 WL 7974295 (N.D. Ga. Dec. 30, 2020); *United States v. Gaines*, No. CR03-496, 2020 WL 7641201 (W.D. Wash. Dec. 23, 2020).

have similarly explained that "there is a significant difference between automatic vacatur and resentencing of an entire class of sentences—with its 'avalanche of applications and inevitable resentencings' . . .—and allowing for the provision of individual relief in the most grievous cases." *Id.* at 286–287 (citing, *e.g.*, *United States v. Haynes*, 456 F. Supp. 3d 496, 516 (E.D.N.Y. 2020); *United States v. Redd*, 444 F. Supp. 3d 717, 720–721 (E.D. Va. 2020); *United States v. Maumau*, No. 2:08-CR-00758, 2020 WL 806121, at *7 (D. Utah Feb. 18, 2020); *United States v. Jones*, __ F. Supp. 3d __, 2020 WL 5359636, at *8 (6th Cir. 2020)). There is "nothing inconsistent about Congress's paired First Step Act judgments: that not *all* defendants convicted under § 924(c) should receive new sentences, but that the courts should be empowered to relieve *some* defendants of those sentences on a case by case basis." *McCoy*, 981 F.3d at 287 (citing authorities) (internal quotations omitted).

Congress never intended extreme sentences like the one imposed here to be irrevocable. From the outset, it contemplated sentence reductions through compassionate release as a "safety valve[] for modification of sentences" including the reduction "of an unusually long sentence." *See* S. Rep. No. 98-225, at 55–56, 121 (1983). In particular, it was Congress's intent that this authority be exercised in a manner that keeps "the sentencing power in the judiciary where it belongs." *Id*. at 121. And "while the finality of sentences is an important principle, § 3582(c)(1)(A) 'represents Congress's judgment that the generic interest in finality must give way in certain individual cases' . . . and authorizes judges to implement that judgment." *McCoy*, 981 F.3d at 288 (quoting *Jones*, 2020 WL 5359636, at *8). When the government exercises its discretion in ways that mandate cruelly excessive sentences, the availability of a judicial check on that authority, structured and circumscribed by statute and subject to appellate review, accords precisely with our constitutional model of checks and balances. This judicial exercise of authority

4

"aligns with Congress' intent in passing [the First Step] Act." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020); *see also United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (finding that adhering to the obsolete language within § 1B1.13 "both contravenes Congress's motivation for reforming compassionate release in the First Step Act and ignores the Sentencing Commission's grounds for augmenting § 1B1.13's application notes in 2016").

Finally, the government suggests that Mr. Rollins's rehabilitation is not a permissible basis upon which to reduce his sentence, relying on 28 U.S.C. § 994(t), which says only that rehabilitation *alone* cannot justify compassionate release. Mr. Rollins does not seek relief on that ground alone; rather, he asks the Court to consider his rehabilitation in combination with other factors, as so many other courts have done in very similar cases.

**B. Mr. Rollins Should Have His Sentence Reduced to Time Served.**

"Congress, in passing the Comprehensive Crime Control Act of 1984, intended to give district courts an equitable power to employ on an individualized basis to correct sentences when 'extraordinary and compelling reasons' indicate that the sentence initially imposed on any individual defendant no longer served legislative objectives." *United States v. Millan*, No. 91-CR-685, 2020 WL 1674058, at *5 (S.D.N.Y. Apr. 6, 2020). In other words, the Court's inquiry, if it determines that extraordinary and compelling reasons exist, is to reduce the sentence so it is sufficient but not greater than necessary to fulfill the goals set forth in 18 U.S.C. § 3553(a)(2). In so doing, the Court is authorized by § 3582(c)(1)(A)(i) to "override statutory mandatory *minima* and mandatory consecutive sentencing provisions to order immediate release." *United States v. McDonel*, No. 07-20189, 2021 WL 120935, at *6 (E.D. Mich. Jan. 13, 2021). In determining the degree of an appropriate reduction, "'nothing in the First Step Act precludes a court from looking at [the] § 3553(a) factors anew,'" including intervening changes to the statutory minimum sentence as "these updates 'may reflect updated views about the seriousness of a defendant's offense or

criminal history.'" *United States v. Sparkman*, No. 09-CR-0332, 2020 WL 6781793, at *6 (citing *United States v. Shaw*, 957 F.3d 734, 741 (7th Cir. 2020)). As set out in our previous briefs, those factors weigh strongly in favor of Mr. Rollins's release. ECF No. 214 at 12–14. Mr. Rollins's conduct while incarcerated, his rehabilitation (that the government admits is "commendable"), ECF No. 253 at 18, and his ties to supportive family and friends assure the Court that he will make the most of his second chance, and that he poses no danger to the community.

## CONCLUSION

On March 2, 2021, Mr. Rollins will have served 22 years in prison, the equivalent (considering his good time) of a more than 25-year sentence. Nothing in any of the briefing is intended to diminish the seriousness of his offenses, but we respectfully maintain that Mr. Rollins has already served an extremely severe punishment. He is ready to rejoin his family and community and has earned the trust this Court would be placing in him by allowing that to happen. We therefore ask the Court to grant Mr. Rollins's motion and to reduce his sentence to time served.

Dated: February 2, 2021

                               Respectfully Submitted,


                               By: */s/ Andrew W. Vail*

                                     Andrew W. Vail
                                     Monica Pinciak-Madden
                                     JENNER & BLOCK LLP
                                     353 N. Clark Street
                                     Chicago, Illinois 60654
                                     (312) 840-8688
                                     AVail@jenner.com
                                     MPinciak@jenner.com

                                     John Gleeson
                                     Marisa Taney
                                     DEBEVOISE & PLIMPTON LLP
                                     919 Third Avenue
                                     New York, New York 10022
                                     (212) 909-6000
                                     jgleeson@debevoise.com
                                     mrtaney@debevoise.com

                                     *Attorneys for Robert Rollins*

**CERTIFICATE OF SERVICE**

I, Andrew W. Vail, certify that on February 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ Andrew W. Vail